M. J. Haden
Staff Attorney
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>CLEVELAND THOR ADAMS,<br><br>            Defendant. | Case No. 4:06-cr-0009-JKS<br><br>**DEFENDANT'S PROPOSED<br>JURY INSTRUCTIONS** |

Defendant, Cleveland Thor Adams, by and through counsel M. J. Haden, Staff Attorney, submits his proposed jury instructions for use at trial in this matter. Mr. Adams' proposed instructions are taken from the Manual of Model Jury Instructions for the Ninth Circuit (West 2003) and O'Malley, Grenig and Lee, Federal Jury Practice and Instructions (5th ed.) and are set out in abbreviated form below.

Mr. Adams proposes the following instructions from the Manual of Model Jury Instructions for the Ninth Circuit:

**PRELIMINARY INSTRUCTIONS**

    1.1    Duty of Jury

1.2   The Charge – Presumption of Innocence

1.3   What is Evidence

1.4   What is Not Evidence

1.5   Evidence Admitted for Limited Purpose

1.7   Rulings on Objections

1.8   Credibility of Witnesses

1.9   Conduct of the Jury

1.11  Taking Notes

1.12  Outline of Trial

## INSTRUCTIONS DURING TRIAL

2.1   Cautionary Instruction – First Recess

2.2   Bench Conferences and Recesses

2.10  Other Crimes, Wrongs, or Acts of Defendant

## INSTRUCTIONS AT END OF CASE

3.1   Duty of Jury to Find Facts and Follow Law

3.2.  Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof

3.3   Defendant's Decision Not to Testify

3.4   Defendant's Decision to Testify

3.6   What is Evidence

3.7   What is Not Evidence

3.9   Credibility of Witnesses

3.11  Activities Not Charged

## CONSIDERATION OF PARTICULAR EVIDENCE

4.1  Statements by Defendant

4.4  Character of the Defendant

4.6  Impeachment, Prior Conviction of Defendant

4.7  Character of Witness For Truthfulness

4.8  Impeachment Evidence – Witness

4.14  Eyewitness Identification

4.17  Opinion Evidence, Expert Witness

## RESPONSIBILITY

5.6  Knowingly – Defined

## JURY DELIBERATIONS

7.1  Duty to Deliberate

7.2  Consideration of Evidence

7.6  Communication With Court

Mr. Adams requests the following instructions from Volumes I and II of O'Malley, Grenig and Lee, Federal Jury Practice and Instructions (5th ed.):

12.10  Presumption of Innocence, Burden of Proof, and Reasonable Doubt

15.01  Credibility of Witnesses – Generally

15.06  Credibility of Witnesses – Inconsistent Statement

15.12  Credibility of Witnesses – The Defendant as Witness

15.14  Effect of the Defendant's Failure to Testify

In addition, Mr. Adams proposes the following additional instructions attached hereto and reserves the right to submit additional proposed instructions as warranted at the close of all evidence.

DATED this 22nd day of June, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Staff Attorney
Georgia Bar No. 316531
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mj_haden@fd.org

Certification:

I certify that on June 22, 2006, a copy of the foregoing document, with attachments, was served electronically on:

Bryan Schroder, Esq.

/s/ M. J. Haden

JURY INSTRUCTION NO. \_\_\_\_\_

**REASONABLE DOUBT – PRESUMPTION OF INNOCENCE**

The law presumes a defendant to be innocent of crime. Thus, a defendant, although accused, begins the trial with a "clean slate" – with no evidence against him. And the law permits nothing but legal evidence presented before a jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient for a not guilty verdict, unless and until the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

It is required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense – the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. The burden never shifts to a defendant; for the law never imposes on the accused in a criminal case the burden or duty of calling any witness or producing any evidence.

So if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that a defendant is guilty of a charge, it must render a verdict of not guilty.  If the jury views the evidence in the case as reasonably permitting either of two conclusions – one of innocence, the other of guilty – the jury should, of course, adopt the conclusion of innocence.

JURY INSTRUCTION NO. \_\_\_\_\_

**BANK ROBBERY**

Mr. Adams is charged in Count One of the indictment with armed bank robbery of the True North Federal Credit Union in violation of Section 2113 of Title 18 of the United States Code. In order for Mr. Adams to found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that Mr. Adams is the individual that took money from the True North Federal Credit Union;

Second, that in taking the money from the True North Federal Credit Union, Mr. Adams used force and violence or intimidation;

Third, that the deposits of the True North Federal Credit Union were, at the time of the alleged robbery, insured by the National Credit Union Administration; and

Fourth, that Mr. Adams intentionally made a display of force that reasonablely cause Michele Rene Mace and Deanna Beckley to fear bodily harm by using a firearm.

JURY INSTRUCTION NO. \_\_\_\_

**FIREARMS – BRANDISHING IN COMMISSION OF A CRIME OF CRIME OF VIOLENCE**

The defendant is charged in Count 2 of the indictment with brandishing a firearm during and in relation and in furtherance of a crime of violence, to wit: the robbery of the True North Federal Credit Union, in violation of Section 924(c) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of bank robbery as charged in Count 1 of the indictment;

Second, the defendant knowingly brandished a firearm; and

Third, the defendant brandished a firearm during, and in relation to, and in furtherance of, the robbery of the True North Federal Credit Union charged in Count 1.

A defendant brandished a firearm "during" and "in relation to" and "in furtherance of" a crime of violence if the firearm was displayed and facilitated or played a role in the crime. Evidence that the accused merely possessed a firearm at the scene of a crime of violence, standing alone, is insufficient to establish this offense.