M. J. Haden
Staff Attorney
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>CLEVELAND THOR ADAMS,<br><br>    Defendant. | Case No. 4:06-cr-0009-JKS<br><br>**CLEVELAND ADAMS' TRIAL BRIEF** |

**I. Introduction**

  Cleveland Adams submits this trial brief to assist the court at trial in this matter.  Mr. Adams is charged with one count of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) and one count of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c).

**II. Mr. Adams Requests a Protective Order Pursuant to Fed. R. Evid. 401, 402, and 403**

  Mr. Adams requests this court to enter a protective order preventing the government, in its case-in-chief, from eliciting evidence about the following:

  1. Mr. Adams' prior criminal history;

      2.    Mr. Adams' DNA being contained within the state of Alaska's Combined DNA Index System (CODIS);

      3.    The facts and circumstances surrounding Mr. Adams' arrest in Anchorage on June 17, 2005; and

      4.    The fact that Mr. Adams had an outstanding warrant for his arrest at the time of the robbery.

Federal Rule of Evidence 403 excludes evidence which, though relevant, is prejudicial, confusing or a waste of time. Generally, evidence about prior crimes is unfairly prejudicial, particularly when the court is considering crimes similar to the instant charges. See, e.g., United States v. Bradley, 5 F.3d 1317 (9th Cir. 1994). Rule 402 prevents the introduction of evidence that is not relevant. "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401.

The four above noted areas fall squarely within the scope of evidence meant to be excluded. Mr. Adams submits that each of the above facts is irrelevant under Rule 402. Furthermore, any marginal relevance is outweighed by the danger of undue prejudice and confusion of issues should the government be permitted to introduce evidence on the subjects. Thus, pursuant to Fed. R. Evid. 403, Mr. Adams respectfully requests that the government be prohibited from introducing evidence concerning his prior criminal history, the facts and circumstances surrounding his June 17, 2005, arrest in Anchorage, the fact that his DNA is included in CODIS, and the fact that he had an outstanding warrant at the time of the robbery.

### III. Mr. Adams Requests That the Court Caution its Witnesses about Disclosing Notification of Prior Plea Discussion

As the court is aware, at one time Mr. Adams considered entering a plea of guilty to Count I of the indictment. Undersigned is aware that pursuant to 18 U.S.C. § 3771, the government notified all alleged victims of the potential plea agreement. Mr. Adams now requests that the court direct the government to caution its witnesses not to disclose any information during their testimony regarding potential plea offers extended to Mr. Adams. This requests is made pursuant to Fed. R. Evid. 410.

DATED this 22nd day of June, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Staff Attorney
Georgia Bar No. 316531
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mj_haden@fd.org

Certification:

I certify that on June 22, 2006, a copy of the foregoing document, with attachments, was served electronically on:

Bryan Schroder, Esq.

/s/ M. J. Haden