## MINUTES OF THE UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

*United States v. Adams*
Case No. 4:06-cr-00009-JKS

By:                      THE HONORABLE JAMES K. SINGLETON

PROCEEDINGS:          ORDER FROM CHAMBERS*

Please find attached to this minute order, the Court's general voir dire questions, voir dire jury questionnaire, preliminary jury instructions, and final jury instructions.  Trial is set to commence at 8:30 a.m., Monday, June 26, 2006, United States Courthouse, Fairbanks, Alaska.

**IT IS SO ORDERED.**

Entered at the direction of the Honorable James K. Singleton, United States District Judge.

DATE: June 22, 2006

\*      ALL INQUIRIES REGARDING THE SCHEDULING OR CALENDARING OF THIS CASE SHOULD BE DIRECTED TO THE COURT''S CASE MANAGER.

Any request for other information or for clarification, modification, or reconsideration of this Order, or for extension of time must be made in the form of a motion.  *See* FED. R. CIV. P. 7(b)(1); D. Ak. LR 7.1(j) & 59(b).  No one should telephone, fax, or write to chambers regarding pending cases.  The Judge's secretary and law clerks are not permitted to discuss any aspect of this case, provide any information, or communicate with any person, including litigants, lawyers, witnesses, and the general public regarding pending cases.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

CLEVELAND THOR ADAMS,

Defendant.

Case No. 4:06-CR-00009-JKS

GENERAL
VOIR DIRE QUESTIONS

1.    Have you, a member of your family, or your friends ever worked for a lawyer who practices as either a prosecutor or in the area of criminal defense?

2.    Have you been closely associated with anyone who has been the subject of a legal action or who has been prosecuted for an offense involving firearms or robbery?

    a.    If so, what is your relationship with that person or persons?

    b.    What was the disposition of the case?

    c.    Do you think the disposition was fair and proper?

3.    Have you or a close friend or relative ever worked for law enforcement?

4.    Have you or any or any member of your family ever had any dealings with a government regulatory agency that would interfere with your ability to sit as a fair and impartial juror?

5.    Have you or a close friend or relative been arrested or the victim of crime within the last ten years?  If so, would your experience interfere with your ability to sit as a fair and impartial juror?

6.    Have you or a close friend or relative been a party to a legal dispute with the United States Government or any of its officers or employees, or had any interest in such a dispute, which would interfere with your ability to sit as a fair and impartial juror?

7.    Does anyone bank at True North Federal Credit Union, or know anyone who works there?

8.    Do you suffer from any type of physical ailment that would make it extremely difficult or inconvenient for you to sit as a fair and impartial juror?

9.     Will you be able to follow the law that I give you even though you may not agree with it?

## VOIR DIRE JURY QUESTIONNAIRE

*United States v. Cleveland Thor Adams*, F06-0009 CR (JKS)

When you are called upon, please stand with the microphone and give the following information to the attorneys, the parties, and the Court. The microphone is not connected to a loudspeaker, but it does record what you say, so it is necessary that you speak clearly and loudly into it. If in response to any of the questions you would prefer to answer in private, please so indicate and at a later time you will be asked to come forward and discuss your answer confidentially with the Court and counsel at the bench.

1.      State your name, and spell your last name. Where were you born, and where were you raised?

2.      What neighborhood do you live in? How long have you lived in Alaska?

3.      What is your marital status? What is your spouse's name? Please give the number of children, their ages, and their occupations if they are adults.

4.      What is the highest level of formal education that you've attained?

5.      What is the name of your employer? Please give a brief work history, and if you are married, please give your spouse's occupation.

6.      Are you a citizen of the United States?

7.      What are your hobbies, interests, and organizations, and any public expressions of your opinions? For example, do you have any bumper stickers, or any political activity that is public? Have you ever run for public office?

8.      Do you have any military service? Your rank at discharge?

9.      Have you ever served on a jury? If so, (a) How long ago? (b) Was it a civil or a criminal case? (c) Did the jury reach a verdict?

10.     Do you know the Defendant, a lawyer present in the courtroom, or any of the witnesses named by an attorney?

11.     Have you heard or read anything about this case before coming here today?

12.     Is there any reason you are concerned about your ability to be fair to both sides in this case?

13.     Is there anything else that you feel that the lawyers, parties or the Court should know regarding your jury service?

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

CLEVELAND THOR ADAMS,

Defendant.

Case No. 4:06-cr-00009-JKS

PRELIMINARY JURY INSTRUCTIONS

**JURY INSTRUCTION NO. 1**

Ladies and gentlemen:  You now are the jury in this case, and I want to take a few

minutes to tell you something about your duties as jurors and to give you some instructions.  At

the end of the trial I will give you more detailed instructions.  Those instructions will control

your deliberations.

It will be your duty to decide from the evidence what the facts are.  You, and you alone,

are the judges of the facts.  You will hear the evidence, decide what the facts are, and then apply

those facts to the law which I will give to you.  That is how you will reach your verdict.  In doing

so you must follow that law whether you agree with it or not.  The evidence will consist of the

testimony of witnesses, documents, and other things received into evidence as exhibits and any

facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think

of the evidence or what your verdict should be.

## JURY INSTRUCTION NO. 2

This is a criminal case brought by the United States Government.  The Defendant, CLEVELAND THOR ADAMS, is charged by the Government with armed bank robbery and with use of a firearm in furtherance of a violent crime.  The indictment is simply the description of the charge made by the Government against the Defendant; it is not evidence of anything.

The Defendant has pleaded not guilty to the charges.  The Defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence.  The Government has the burden of proving every element of the charge beyond a reasonable doubt. If it fails to do so, you must return a not guilty verdict on that charge.

**JURY INSTRUCTION NO. 3**

The Defendant is charged in Count 1 of the indictment with armed bank robbery.  In order for the Defendant to be found guilty of that charge, the Government must prove the following elements beyond a reasonable doubt:

First, that on or about May 25, 2005, defendant took money belonging to True North Federal Credit Union located in Fairbanks, Alaska;

Second, the defendant used force and violence, or intimidation in doing so;

Third, the deposits of True North Federal Credit Union were then insured by the Federal Deposit Insurance Corporation; and

Fourth, the defendant intentionally made a display of force that reasonably caused another person to fear bodily harm by using a firearm.

The Defendant is charged in Count 2 of the indictment with use of a firearm in furtherance of a violent crime.  In order for the Defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of armed bank robbery as charged in Count 1 of the indictment;

Second, the defendant knowingly used a firearm; and

Third, the defendant used the firearm during and in relation to the crime.

A defendant has "used" a firearm if he has actively employed the firearm in relation to armed bank robbery.  Use includes any of the following:

(1)      brandishing or displaying a firearm;

(2)      referring to a firearm in the offender's possession;

(3)     the silent but obvious and forceful presence of a firearm in plain view.

A defendant takes such action "in relation to the crime" if the firearm facilitated or played a role in the crime.

## JURY INSTRUCTION NO. 4

The Defendant, Cleveland Adams, has pleaded not guilty to the charge and is presumed innocent unless and until proven guilty beyond a reasonable doubt.

A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the Defendant is guilty.

If, after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant not guilty. On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant guilty.

## INSTRUCTION NO. 5

The evidence from which you are to decide what the facts of the case are consists of (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits which have been received into evidence; and (3) any facts to which all the lawyers have agreed or stipulated.

# JURY INSTRUCTION NO. 6

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. The indictment is not evidence. The Defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The Government has the burden of proving every element of the charge beyond a reasonable doubt. If it fails to do so, you must return a not guilty verdict.

2. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

3. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

4. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; when I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

5.  Anything you may have seen or heard when the Court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

## JURY INSTRUCTION NO. 7

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proven directly.  You are to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## JURY INSTRUCTION NO. 8

There are rules of evidence which control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

## JURY INSTRUCTION NO. 9

In deciding the facts in this case, you must consider all the evidence.  In doing this, you must decide which testimony to believe and which testimony not to believe.  You may disbelieve all or any part of any witness's testimony.  In making that decision, you may take into account a number of factors, including the following:

1.  Was the witness able to see, hear, or know the things about which the witness testified?

2.  How well was the witness able to recall and describe those things?

3.  What was the witness's manner while testifying?

4.  Did the witness have an interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case?

5.  How reasonable was the witness's testimony considered in light of all the evidence in the case?

6.  Was the witness's testimony contradicted by what that witness has said or done at another time, or by the testimony of other witnesses, or by other evidence?

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things.  You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other.  You must consider all the evidence in

the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other.

## INSTRUCTION NO. 10

The government must prove beyond a reasonable doubt that Cleveland Thor Adams was the perpetrator of the crimes alleged in the indictment: armed bank robbery and use of a firearm in furtherance of a violent crime.

You will hear testimony of eyewitness identification. In deciding how much weight to give to this testimony, you may take into account the various factors mentioned in these instructions concerning credibility of witnesses.

In addition to those factors, in evaluating eyewitness identification testimony, you may also take into account:

1. the capacity and opportunity of the eyewitness to observe the offender based upon the length of time for observation and the conditions at the time of observation;

2. whether the identification was the product of the eyewitness' own recollection or was the result of subsequent influence or suggestiveness;

3. any inconsistent identifications made by the eyewitness;

4. whether the witness had known or observed the offender at earlier times; and

5. the totality of circumstances surrounding the eyewitness' identification.

If, after consideration of all the evidence, you have a reasonable doubt that Cleveland Thor Adams was present at the time the crimes were committed, you must find Mr. Adams not guilty.

## JURY INSTRUCTION NO. 11

You are here only to determine whether the Defendant is guilty or not guilty of the charge in the indictment. Your determination must be made only from the evidence in the case. The Defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the Defendant, only as they relate to the charges against the Defendant.

## INSTRUCTION NO. 12

During the trial you will hear about a particular location that has some relationship to this case.  Under no circumstances, however, are you to visit this location during the trial or during your deliberation.

In making an unguided visit without the benefit of explanation from the witnesses under questioning by the lawyers you might form erroneous impressions about the location or witnesses who will testify about it.  Significant or subtle changes, may have also taken place at the scene in the months between the occurrence referred to in the evidence and this trial.

If the Court determines that it is important to your decision in the case to view the scene, we will do so in a group with proper explanations.

## JURY INSTRUCTION NO. 13

I will now say a few words about your conduct as jurors.

*First*, do not talk to each other about this case or about anyone who has anything to do with it until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case or about anyone who has anything to do with it until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and your friends.  You may tell them that you are a juror, but don't tell them anything about the case until after you have been discharged by me.

*Third*, do not let anyone talk to you about the case or about anyone who has anything to do with it.  If someone should try to talk to you, please report it to me immediately.

*Fourth*, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it.

*Fifth*, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation into the case on your own.

*Sixth*, if you need to communicate with me, simply give a signed note to the bailiff to give to me.

*Seventh*, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

## JURY INSTRUCTION NO. 14

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to play back lengthy testimony.  I urge you to pay close attention to the testimony as it is given.

## JURY INSTRUCTION NO. 15

If you wish, you may take notes to help you remember what witnesses said.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note taking distract you so that you do not hear other answers by witnesses.  When you leave, your notes should be left in the courtroom.

Whether or not you take notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

## JURY INSTRUCTION NO. 16

From time to time during the trial, it may become necessary for me to talk with the attorneys out of hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion in the case or of what your verdict should be.

## JURY INSTRUCTION NO. 17

The trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The Government will then present evidence, and counsel for the Defendant may cross-examine.  The Defendant may then present evidence, and the Government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06-CR-00009-JKS |
| | ) | |
| CLEVELAND THOR ADAMS, | ) | **JURY INSTRUCTIONS** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case.  To those facts you must apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  And you must not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely up to you.

INSTRUCTION NO. 2

The Defendant, Cleveland Thor Adams, is charged in Count 1 of the indictment with armed bank robbery, in violation of Title 18, United States Code, Sections 2113(a) and (d).  In order for the Defendant to be found guilty of that charge, the Government must prove the following elements beyond a reasonable doubt:

First, that on or about May 25, 3005, defendant took money belonging to True North Federal Credit Union, located in Fairbanks, Alaska;

Second, the defendant used force and violence, or intimidation in doing so;

Third, the deposits of True North Federal Credit Union were then insured by the Federal Deposit Insurance Corporation; and,

Fourth, the defendant intentionally made a display of force that reasonably caused another person to fear bodily harm by using a firearm.

INSTRUCTION NO. 3

The Defendant is charged in Count 2 of the indictment with use of a firearm in furtherance of a violent crime, in violation of Sections 924(c)(1)(A) and 924(c)(1)(A)(ii) of Title 18 of the United States Code.  In order for the Defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of armed bank robbery as charged in Count 1 of the indictment;

Second, the defendant knowingly used a firearm; and,

Third, the defendant used the firearm during and in relation to the crime.

I shall discuss with you briefly the law relating to these elements.

A defendant has "used" a firearm if he has actively employed the firearm in relation to armed bank robbery.  Use includes any of the following:

(1)     brandishing or displaying a firearm;

(2)     referring to a firearm in the offender's possession;

(3)     the silent but obvious and forceful presence of a firearm in plain view.

A defendant takes such action "in relation to the crime" if the firearm facilitated or played a role in the crime.

INSTRUCTION NO. 4

A separate crime is charged against the Defendant in each Count.  You must decide each Count separately.  Your verdict on one Count should not control your verdict on any other Count.

INSTRUCTION NO. 5

[A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.]

INSTRUCTION NO. 6

The Defendant has pleaded not guilty to the charges and is presumed innocent unless and until proven guilty beyond a reasonable doubt.

A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the Defendant is guilty.

If, after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant not guilty.  On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant guilty.

INSTRUCTION NO. 7

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits which have been received into evidence; and (3) any facts to which all the lawyers have agreed or stipulated.

INSTRUCTION NO. 8

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. The indictment is not evidence. The Defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The Government has the burden of proving each element of the charge beyond a reasonable doubt. If it fails to do so, you must return a not guilty verdict.

2. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

3. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

4. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

5. Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 9

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 10

In deciding what the facts are, you must consider all the evidence.  In doing this, you must decide which testimony to believe and which testimony not to believe.  You may disbelieve all or any part of any witness's testimony.  In making that decision, you may take into account a number of factors, including the following:

1.  Was the witness able to see, hear, or know the things about which he/she testified?

2.  How well was the witness able to recall and describe those things?

3.  What was the witness's manner while testifying?

4.  Did the witness have an interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case?

5.  How reasonable was the witness's testimony considered with all the other evidence?

6.  Was the witness's testimony contradicted by what that witness has said or done at another time, or by the testimony of other witnesses, or by other evidence?

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things.  You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other.  You must consider all of the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other.

INSTRUCTION NO. 11

The government must prove beyond a reasonable doubt that Cleveland Thor Adams was the perpetrator of the crimes alleged in the indictment: armed bank robbery and use of a firearm in furtherance of a violent crime.

You have heard testimony of eyewitness identification. In deciding how much weight to give to this testimony, you may take into account the various factors mentioned in these instructions concerning credibility of witnesses.

In addition to those factors, in evaluating eyewitness identification testimony, you may also take into account:

1. the capacity and opportunity of the eyewitness to observe the offender based upon the length of time for observation and the conditions at the time of observation;

2. whether the identification was the product of the eyewitness' own recollection or was the result of subsequent influence or suggestiveness;

3. any inconsistent identifications made by the eyewitness;

4. whether the witness had known or observed the offender at earlier times; and

5. the totality of circumstances surrounding the eyewitness' identification.

If, after consideration of all the evidence, you have a reasonable doubt that Cleveland Thor Adams was present at the time the crimes were committed, you must find Mr. Adams not guilty.

INSTRUCTION NO. 12

You are here only to determine whether the Defendant is guilty or not guilty of the

charges in the indictment: armed bank robbery; and, use of a firearm in furtherance of a violent

crime.  Your determination must be made only from the evidence in the case.  The Defendant is

not on trial for any conduct or offense not charged in the indictment.  You should consider

evidence about the acts, statements, and intentions of others, or evidence about other acts of the

Defendant, only as they relate to the charges against the Defendant.

INSTRUCTION NO. 13

You have heard testimony from persons described as experts. Persons who, by education and experience, have become expert in some field may state their opinion on matters in that field and may also state their reasons for the opinion.

Expert opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 14

During the trial you have heard about a particular location that has some relationship to this case.  Under no circumstances, however, are you to visit this location during your deliberation.

In making an unguided visit without the benefit of explanation from the witnesses under questioning by the lawyers you might form erroneous impressions about the location or witnesses who will testify about it.  Significant or subtle changes may have also taken place at the scene in the months between the occurrence referred to in the evidence and this trial.

If the Court determines that it is important to your decision in the case to view the scene, we will do so in a group with proper explanations.

INSTRUCTION NO. 15

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Only discuss the case in the jury room with all jurors present. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 16

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

The arguments and statements of the attorneys are not evidence.  If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember.

Some of you have taken notes during the trial.  Such notes are only for the personal use of the person who took them.

INSTRUCTION NO. 17

The punishment provided by law for this crime is for the Court to decide.  You may not consider punishment in deciding whether the Government has proven its case against the Defendant beyond a reasonable doubt.

INSTRUCTION NO. 18

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the bailiff outside your door that you are ready to return to the courtroom.

INSTRUCTION NO. 19

If it becomes necessary to communicate with me during your deliberations, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing or orally here in open court. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on the question of the guilt of the Defendant until after you have reached a unanimous verdict or have been discharged.

Given at Anchorage, Alaska, this ___ day of June, 2006.

_____
James K. Singleton, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06-cr-00009-JKS |
| | ) | |
| CLEVELAND THOR ADAMS, | ) | <u>VERDICT</u> |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

1.      We, the jury, duly impaneled and sworn in the trial of this case, do hereby find the

Defendant, CLEVELAND THOR ADAMS, [Not Guilty or Guilty] _____ on the charge of

Armed Bank Robbery, in violation of Section 2113(a) & (d) of Title 18 of the United States

Code, as charged in Count 1 of the indictment.

2.      We, the jury, duly impaneled and sworn in the trial of this case, do hereby find the

Defendant, CLEVELAND THOR ADAMS, [Not Guilty or Guilty] _____ on the charge of

Use of a Firearm in Furtherance of a Violent Crime, in violation of Sections 924(c)(1)(A) and

924(c)(1)(A)(ii) of Title 18 of the United States Code, as charged in Count 2 of the indictment.

DATED this _____ day of _____ 2006, at Anchorage, Alaska.

_____
Foreperson of the Jury