IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         vs.<br><br>CLEVELAND THOR ADAMS,<br><br>                    Defendant. | Case No. 4:06-CR-00009-JKS<br><br><br>O R D E R |

Cleveland Thor Adams is charged in an indictment with armed bank robbery and a related weapons offense.  His trial is scheduled for Monday, June 26, 2006, in Fairbanks.  Both the government and Adams have filed proposed jury instructions, proposed voir dire questions, and trial briefs.  Docket Nos. 45, 46, 47, 49, 50, and 51.  In addition, Adams has made motions at Docket Nos. 46 and 47, which will be addressed below.

<u>Adams's Requests for Protective Orders and Witness Caution</u>

Adams seeks an order in limine precluding the government from eliciting evidence regarding: 1) Adams's prior criminal history; 2) the fact that the State has colleted samples of Adams's DNA; 3) the facts and circumstances surrounding Adams's arrest on June 17, 2005, and; 4) the fact that Adams had an outstanding warrant for his arrest at the time of the robbery.  Docket No. 47.  The Court will grant the order to the extent that the government will be forbidden to raise any of these matters in the presence of the jury unless and until it brings the matter up out of the presence of the jury and establishes that use of the evidence would not contravene Federal Rules of Evidence 403 and 404.

1

Adams seeks an order directing the government to warn its witnesses not to mention Adams's aborted plea negotiations.  Docket No. 47.  Plea negotiations that do not result in a plea are irrelevant and prejudicial.  *See* Fed. R. Crim. P. 11(f) *and* Fed R. Evid. 410.  The Court will therefore grant the motion in limine and direct the government to assure that no witness will mention anything about Adams's proposed plea.  Provided, that if the government believes reference to the plea negotiations is necessary in order to enable a witness to fully and fairly testify, it shall bring the matter up out of the presence of the jury and seek authorization from the Court to address the plea negotiations with the witness.

Adams's Motion for Open-Ended Voir Dire Questioning

The Court has considered Adams's  request for open-ended counsel voir dire at Docket No. 46.  The Court served as a state trial judge for ten years and as a state appellate judge with exclusive criminal jurisdiction for an additional ten years, during which time it frequently returned to the trial court to try criminal cases.  The Court has extensive experience with voir dire conducted by counsel.  It has also served as a federal judge for 15 years, during which it has primarily conducted the voir dire but allowed counsel to question specific jurors where there is reason to question a specific juror's impartiality.  The Court will therefore, in the exercise of its discretion, deny Adams's request to have open-ended attorney voir dire.

Voir Dire and Jury Instructions

The Court has reviewed the questions propounded by the government and by Adams at Docket Nos. 49 and 45, respectively, and has incorporated some of them into its general and special voir dire questions.  The Court will read to the jury during voir dire the Ninth Circuit pattern jury instructions on reasonable doubt, the role of the indictment, the government's burden of proof, and the defendant's right not to put on evidence.  The jurors will be asked if they will follow these and the other instructions whether they agree with them or not.  The Court will ask follow-up questions if any prospective juror takes exception to any of the instructions.  Beyond that it would appear unduly time consuming and add little to the proceedings to query jurors about their understanding of the law, or pelt them with hypothetical questions about criminal cases.  The purpose of the voir dire is to alert the parties to possible challenges for cause and to help them form a basis for their

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CR\D.AK 2006\F06-0009.002.wpd

preemptory challenges. The questions used by the Court address this need without unduly prolonging the jury selection procedure.

The Court will use the Ninth Circuit pattern jury instructions in preference to other sources unless a party can provide cogent argument why an alternate rendering should be used.

**IT IS SO ORDERED**.

Dated at Anchorage, Alaska, this 23rd day of June, 2006.

                                          /s/ James K. Singleton, Jr.
                                          **JAMES K. SINGLETON, JR.**
                                          United States District Judge

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CR\D.AK 2006\F06-0009.002.wpd