IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06-CR-00009-JKS |
| | ) | |
| CLEVELAND THOR ADAMS, | ) | **JURY INSTRUCTIONS** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case. Copies of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely up to you.

## INSTRUCTION NO. 2

The Defendant, Cleveland Thor Adams, is charged in Count 1 of the indictment with armed bank robbery, in violation of Title 18, United States Code, Sections 2113(a) and (d). In order for the Defendant to be found guilty of that charge, the Government must prove the following elements beyond a reasonable doubt:

First, that on or about May 25, 2005, defendant took money belonging to True North Federal Credit Union, located in Fairbanks, Alaska;

Second, the defendant used force and violence, or intimidation in doing so;

Third, the deposits of True North Federal Credit Union were then insured by the National Credit Union Administration; and,

Fourth, the defendant intentionally made a display of force that reasonably caused another person to fear bodily harm by using a firearm.

## INSTRUCTION NO. 3

The Defendant is charged in Count 2 of the indictment with use of a firearm in furtherance of a violent crime, in violation of Sections 924(c)(1)(A) and 924(c)(1)(A)(ii) of Title 18 of the United States Code.  In order for the Defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of armed bank robbery as charged in Count 1 of the indictment;

Second, the defendant knowingly used a firearm; and,

Third, the defendant used the firearm during and in relation to the crime.

I shall discuss with you briefly the law relating to these elements.

A defendant has "used" a firearm if he has actively employed the firearm in relation to armed bank robbery.  Use includes any of the following:

(1)     brandishing or displaying a firearm;

(2)     referring to a firearm in the offender's possession;

(3)     the silent but obvious and forceful presence of a firearm in plain view.

A defendant "brandishes" a firearm if he displays all or part of the firearm, or otherwise makes the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

A defendant takes such action "in relation to the crime" if the firearm facilitated or played a role in the crime.

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**INSTRUCTION NO. 4**

A separate crime is charged against the Defendant in each Count.  You must decide each

Count separately.

**INSTRUCTION NO. 5**

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

## INSTRUCTION NO. 6

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

## INSTRUCTION NO. 7

This is a criminal case brought by the United States Government. The Defendant, CLEVELAND THOR ADAMS, is charged by the Government with armed bank robbery and with use of a firearm in furtherance of a violent crime. The indictment is simply the description of the charge made by the Government against the Defendant; it is not evidence of anything.

The Defendant has pleaded not guilty to the charges. The Defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The Government has the burden of proving every element of the charge beyond a reasonable doubt. If it fails to do so, you must return a not guilty verdict on that charge.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. A defendant is never to be convicted on mere suspicion or conjecture.

If, after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant not guilty. On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant guilty.

**INSTRUCTION NO. 8**

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits which have been received into evidence; and (3) any facts to which all the lawyers have agreed or stipulated.

## INSTRUCTION NO. 9

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. The indictment is not evidence. The Defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The Government has the burden of proving each element of the charge beyond a reasonable doubt. If it fails to do so, you must return a not guilty verdict.

2. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

3. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

4. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

5. Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## INSTRUCTION NO. 10

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. 11

In deciding what the facts are, you must consider all the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. In making that decision, you may take into account a number of factors, including the following:

1.  Was the witness able to see, hear, or know the things about which he/she testified?

2.  How well was the witness able to recall and describe those things?

3.  What was the witness's manner while testifying?

4.  Did the witness have an interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case?

5.  How reasonable was the witness's testimony considered with all the other evidence?

6.  Was the witness's testimony contradicted by what that witness has said or done at another time, or by the testimony of other witnesses, or by other evidence?

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things. You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all of the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other.

**INSTRUCTION NO. 12**

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## INSTRUCTION NO. 13

The government must prove beyond a reasonable doubt that Cleveland Thor Adams was the perpetrator of the crimes alleged in the indictment: armed bank robbery and use of a firearm in furtherance of a violent crime.

You have heard testimony of eyewitness identification. In deciding how much weight to give to this testimony, you may take into account the various factors mentioned in these instructions concerning credibility of witnesses.

In addition to those factors, in evaluating eyewitness identification testimony, you may also take into account:

      1. the capacity and opportunity of the eyewitness to observe the offender based upon the length of time for observation and the conditions at the time of observation;

      2. whether the identification was the product of the eyewitness' own recollection or was the result of subsequent influence or suggestiveness;

      3. any inconsistent identifications made by the eyewitness;

      4. whether the witness had known or observed the offender at earlier times; and

      5. the totality of circumstances surrounding the eyewitness' identification.

If, after consideration of all the evidence, you have a reasonable doubt that Cleveland Thor Adams was present at the time the crimes were committed, you must find Mr. Adams not guilty.

## INSTRUCTION NO. 14

You are here only to determine whether the Defendant is guilty or not guilty of the charges in the indictment: armed bank robbery; and, use of a firearm in furtherance of a violent crime. Your determination must be made only from the evidence in the case. The Defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the Defendant, only as they relate to the charges against the Defendant.

## INSTRUCTION NO. 15

During the trial you have heard about a particular location that has some relationship to this case. Under no circumstances, however, are you to visit this location during your deliberation.

In making an unguided visit without the benefit of explanation from the witnesses under questioning by the lawyers you might form erroneous impressions about the location or witnesses who will testify about it. Significant or subtle changes may have also taken place at the scene in the months between the occurrence referred to in the evidence and this trial.

**INSTRUCTION NO. 16**

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Only discuss the case in the jury room with all jurors present. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO. 17**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

The arguments and statements of the attorneys are not evidence. If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember.

Some of you have taken notes during the trial. Such notes are only for the personal use of the person who took them.

## INSTRUCTION NO. 18

The punishment provided by law for this crime is for the Court to decide.  You may not consider punishment in deciding whether the Government has proven its case against the Defendant beyond a reasonable doubt.

## INSTRUCTION NO. 19

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the bailiff outside your door that you are ready to return to the courtroom.

## INSTRUCTION NO. 20

If it becomes necessary to communicate with me during your deliberations, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing or orally here in open court. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on the question of the guilt of the Defendant until after you have reached a unanimous verdict or have been discharged.

Given at Fairbanks, Alaska, this ᐧᐧ day of June 2006.

**REDACTED SIGNATURE**

James K. Singleton, Jr.
United States District Judge