NELSON P. COHEN
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska  99701
Phone: (907) 456-0245
Fax: (907) 456-0577
Email: bryan.schroder@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 4:06-cr-00009-JKS |
| | ) |
| Plaintiff, | ) **GOVERNMENT'S SENTENCING** |
| | ) **MEMORANDUM** |
| vs. | ) |
| | ) |
| CLEVELAND THOR ADAMS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

   COMES NOW, the United States of America, by and through undersigned

counsel, and submits its sentencing memorandum concerning defendant,

Cleveland Thor Adams. The defendant was found guilty of Counts 1 & 2 of the

indictment after a 4 day jury trial. The offense in Count 1 was bank robbery, a violation of 18 U.S.C. § 2113(a) & (d). The offense in Count 2 was possession of a firearm in furtherance of a violent crime, a violation of 18 U.S.C. § 924(c)(1)(A) and 924(c)(1)(A)(ii). On a special verdict form for Count 2, the jury found unanimously and beyond a reasonable doubt that the defendant brandished the weapon he possessed.

## I.  Summary of Estimated Guideline Calculations

The government has no objections to the presentence report (PSR) calculations. Therefore, defendant is facing a guideline sentencing range of 84-105 months on Count 1, and a consecutive sentence of 7 years on Count 2.

## II.  Response to Anticipated Objections

The Defendant's conviction under 18 U.S.C. § 924(c) included a finding on a special verdict form that the defendant brandished the weapon. Thus, the defendant qualifies for a 7-year mandatory minimum sentence. Under <u>Harris v. U.S.</u>, 536 U.S. 545 (2002), it remains appropriate for the court, as a sentencing factor, to find that defendant brandished the weapon. However, in light of concerns about the long-term vitality of <u>Harris</u>, the Government requests that the court make a finding on the record that the jury found unanimously and beyond a

reasonable doubt that the weapon was brandished, and the court would apply the decision of the jury in this case if a jury finding was required.

## III. Government's Recommendation

The Government recommends that the defendant be confined for a period of 105 months for Count 1, plus an additional 7 years (84 months) for Count 2 months, be placed under supervised release for a period of 5 years, be ordered to make restitution of $17,695.00. The defendant's history of violent offenses with weapons, the fear he struck in victims at the bank during the robbery, and his attempts to implicate innocent persons into his crimes, all call for a sentence at the upper end of the guideline range.

On May 25, 2005, the Defendant robbed the True North Federal Credit Union in Fairbanks. During the robbery, he brandished a semi-automatic handgun, pointing it at the tellers and customers that were in the credit union. The primary teller was so frightened that after she gave the defendant the cash he demanded, and he departed, she vomited into the trash can,

The defendant then fled in a car he borrowed from his then-girlfriend. When he later left the car at a run-down apartment house commonly known to the police, with money from the robbery still inside, he called the girlfriend to pick up

the car. She arrived at the car moments after the police and had to explain that she was not involved in the offense.

The defendant then escaped from the apartment house into the yard of innocent neighbors that he attempted to pay off to help him make his escape. Although they refused, he was able to escape from Fairbanks before being apprehended in Anchorage a month later.

The defendant's record as a violent criminal offender calls for a sentence at the maximum of the guideline range. The defendant's relative short life is already full of violence and the use of force to take what he wants. As reflected in the Pre-Sentence Report (PSR), the defendant's teen years included violations for sexual assault, theft, and drugs, culminating in an adult conviction at age 17. That conviction, a preview of the instant case, was for a double armed robbery where the defendant wore a bandana to disguise his appearance, and brandished a gun while demanding money from a hotel clerk, and later a pull tab operator. He was later apprehended with multiple baggies of crack cocaine.

While serving a 5-year sentence for these crimes, the defendant continued his violent ways in prison. Less than a year into his incarceration he assaulted another inmate with an improvised weapon. That led to an additional conviction for assault. In addition, the defendant had 15 disciplinary infractions, including 6

for fighting and an assault on a staff member.

Less than 3 months after his release on parole in the Fall of 2003, the defendant was involved in another violent incident. Police called to a local bar in Fairbanks found the defendant fighting with a woman in the parking lot. This led to another conviction. He tried to avoid identification by giving a false name.

In addition to an additional conviction and 10 days in jail for disorderly conduct, this action led to the revocation of the defendant's parole for the previous armed robbery. He was ordered into a halfway house for 6 months, but after only 3 months he failed to return, leading to an additional conviction for unlawful evasion. It was during this period that the defendant robbed True North Federal Credit Union. Thus, from the time he was 17 years old, the Defendant has spent most of his time in jail or in an escape status, and has been convicted for armed robbery, assault, disorderly conduct and unlawful evasion. The defendant is a violent criminal, and shows no indication that he will leave behind his violent ways

The factors identified for the court to consider for sentencing under 18 U.S.C. § 3553 include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.

Considering the extensive violent history of the defendant over a relatively short period of time, the maximum period of imprisonment is called for to deter him from future violent conduct, and to protect the public. Since he cannot control his violent impulses as a young man, hopefully a number of years where he is off the street and not a danger to public will add maturity and temper his conduct.

Part of considering the nature and circumstances of the offense and determining a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense is consideration of the effect on the victims. The court certainly remembers the testimony of Michelle Mace, the teller robbed by the defendant. Ms. Mace, over a year after the robbery was still seriously shaken. Moreover, as cited in the PSR, Ms. Mace was so disturbed by the robbery and its connection to True North Federal Credit Union that she had to leave her job, causing the credit union to lose a valuable employee. A sentence at the upper end of the guideline range will show Ms. Mace, as well as the other employees and customers of True North, and other financial institutions in Fairbanks that armed bank robbery by a perpetrator with a extensive, violent criminal history will not be tolerated by the federal criminal justice system. Under 18 U.S.C. § 3771, victims of this robbery, possibly including Ms. Mace, may desire to make a statement to the court at the sentencing hearing.

The Government's recommended sentence of 105 months confinement for Count 1, along with the mandatory 84 months confinement for Count 2 is within the calculated range of the Federal Sentencing Guidelines, and meets the required statutory mandatory minimum. A sentence of 189 months, with 5 years of supervised release, will appropriately deter the defendant's behavior, protect the citizens of the State and provide a just punishment. The Government respectfully recommends that the court impose sentence recommended above.

RESPECTFULLY SUBMITTED this 5th day of September, 2006, in Fairbanks, Alaska.

NELSON P. COHEN
United States Attorney

s/Bryan Schroder
BRYAN SCHRODER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska  99701
Phone: (907) 456-0245
Fax: (907) 456-0577
Email: bryan.schroder@usdoj.gov
Bar # 21146

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2006,
a copy of the foregoing **GOVERNMENT'S
SENTENCING MEMO**, was served,
via Electronic Filing, on:

**M. J. Haden,**
Federal Public Defender

s/Bryan Schroder
_____