G. Blair McCune
Attorney at Law
425 G St., Suite 620
Anchorage, Alaska  99501-2137
Tel. (907) 644-8568
Fax: (907) 644-9008
E-mail: mccune@gci.net

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
| ) | Case No. 4:06-cr-00009-JKS |
| Plaintiff,        ) | |
| ) | **MOTION FOR RELEASE** |
| vs.        ) | **PENDING APPEAL** |
| ) | |
| CLEVELAND THOR ADAMS,        ) | |
| ) | |
| Defendant.        ) | |
| ) | |

Defendant, Cleveland Thor Adams, by counsel, G. Blair McCune, Attorney at Law, moves this court for a release pending appeal pursuant to 18 U.S.C. § 3143(b).

A. Status of Appeal

Mr. Adams' appeal is pending in the United States Court of Appeals for the Ninth Circuit: *United States v. Cleveland Thor Adams*, No. 06-30519.  Mr. Adams filed his opening brief on March 29, 2007.  The Government's answering brief is due on May 2, 2007.  The Government has requested an extension until June 1, 2007 to file the answering brief.  Mr. Adams' undersigned counsel did not oppose this extension request.

### B. Mr. Adams' Custodial Status

Mr. Adams is currently in custody at the Anchorage Correctional Complex West in Anchorage, Alaska. Mr. Adams was being held on a state criminal charge, *State of Alaska v. Cleveland Adams*, No. 3AN-05-05431 CR (Alaska Super. Ct. 3d Jud. Dist.). Mr. Adams reported to counsel that this state criminal charge had been dismissed. Counsel checked on the Alaska Court System's website. Mr. Adams is correct. Dismissals were entered on March 2, 2007, and the case is closed.

Thus, it is possible that Mr. Adams may be transported to a federal correctional institution to continue serving the sentence imposed by this court in the present case.

### C. Legal Standards

Release pending appeal is governed by 18 U.S.C. § 3143(b)(1) which provides that a sentenced person who has filed an appeal shall be detained unless a judicial officer makes the following findings:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in:
>
> > (i) reversal,
> > (ii) an order for a new trial,
> > (iii) a sentence that does not include a term of imprisonment, or
> > (iv) a reduced sentence to a term of imprisonment less than the total of
> > time already served plus the expected duration of the appeal process.

D. Argument

Mr. Adams has been in custody a substantial amount of time -- over 22 months. But it does not appear that he has ever had a detention hearing in federal court. He was arrested by Anchorage Police Department officers in connection with the state case in June, 2005. There was some delay in filing federal charges. The indictment in the present case was not filed until February 22, 2006. *Docket No.* 2. A detention order was entered on March 9, 2006 in the present case. But the detention order has the words, "a detention hearing has been held," crossed out. *Docket No.* 12. In reviewing the docket sheet and trial attorney's file, counsel did not notice any indication that a detention hearing was held.

Of course, it must be acknowledged that the standards for bail pending appeal are higher than the standards for pre-trial release. Nevertheless, Mr. Adams requests the opportunity to show he can be released at this point in time. Mr. Adams requested that counsel file this motion for bail pending appeal on his behalf, and counsel has complied with that request.

Counsel has spoken with Mr. Adams about bail pending appeal. Mr. Adams understands the legal standards he must meet. Mr. Adams maintains that he is not a flight risk and that this court should find by clear and convincing evidence that he is not likely to flee. Mr. Adams also maintains that he does not pose a danger to the safety of any other person or the public. He requests that this court set a detention hearing so that he can present his own statement on these matters and also present a plan for his release.

Mr. Adams stands convicted of one count of armed bank robbery and brandishing a firearm during the commission of the offense. *Docket No.* 67. This court was

presented information about the nature of these offenses and Mr. Adams' criminal history at sentencing.

The appeal in the present case is not for purposes of delay. As noted above, Mr. Adams has filed his opening brief in the appeal. Three points were raised in the brief: 1) Mr. Adams' motion to suppress the photographic lineup and in-court identification should have been granted; 2) failing to instruct the jury that "brandishing" the firearm had to be proven beyond a reasonable doubt was plain error; and 3) a sentence appeal based on the overall "reasonableness" of the sentence.

This court reviewed the photographic lineup and denied this motion to suppress. Nevertheless, Mr. Adams believes that he has presented strong arguments to the Ninth Circuit Court of Appeals regarding suppression of the lineup in this case and the dangers of suggestivity in photographic lineup identifications in general.

As far as the second and third points are concerned, this court will remember that, out of caution, the jury was asked to determine whether Mr. Adams brandished a firearm. However, this was done in a simple interrogatory on the verdict form. Counsel has argued on appeal that the jury was not asked to determine "brandishing" beyond a reasonable doubt. The outcome of this point on appeal depends on whether the United States Supreme Court reverses its decision in *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406 (2002). If the Court does so, no doubt the Court will rule that "brandishing" would have to be found by a jury beyond a reasonable doubt. On the third point on appeal, Mr. Adams requested a review of his sentence for "reasonableness," citing *United States v. Cantrell*, 433 F.3d 1269 (9th Cir. 2006).

4

E. Conclusion

Based on the foregoing argument and authority, Mr. Adams requests that he be granted a release pending appeal. Mr. Adams must acknowledge he bears the burden of proving that release pending appeal is appropriate. Mr. Adams maintains that he has alleged facts in this motion sufficient to satisfy his burden of going forward with a release proceeding. If this court finds he has met his burden of going forward, Mr. Adams should be entitled to a detention hearing under *D.Ak. LCrR 46.1*.

DATED at Anchorage, Alaska April 24, 2007.

RESPECTFULLY SUBMITTED,

\_\_\_\_s/ G. Blair McCune\_\_\_\_
G. BLAIR McCUNE
Attorney for Defendant
425 G St., Suite 620
Anchorage, Alaska  99501-2137
Tel. (907) 644-8568
Fax (907) 644-9008
E-mail: mccune@gci.net
Alaska Bar No. 7906037

Certification

I certify that on April 24, 2007 copies of the **MOTION FOR RELEASE PENDING APPEAL, DECLARATION OF COUNSEL** and **PROPOSED ORDER** were served electronically on:

Mr. Bryan Schroder
Assistant United States Attorney
Attorney for Plaintiff


\_\_\_s/ G. Blair McCune\_\_\_
Attorney at Law
Attorney for Defendant