IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>  vs.<br><br>CLEVELAND THOR ADAMS,<br><br>               Defendant. | Case No. 4:06-CR-00009-JKS<br><br>O R D E R |

      Cleveland Thor Adams was charged by a grand jury, tried to a jury, and subsequently convicted of bank robbery and weapons offenses. He was sentenced to a significant term of imprisonment. His case is now on appeal. In the meantime, he seeks an order granting him a release pending completion of his appeal. Docket No. 92. The motion is opposed, without reply. Docket No. 94.

      After considering whether to hold a hearing and hear oral argument, the Court concludes that a hearing is not necessary because all of the facts are developed in the record and the pleadings, which precludes the need for further evidence. In addition, the Court has determined not to hold oral argument because the law is clear and the same result follows however that law is interpreted.

      The matter is governed by statute: 18 U.S.C. §§ 3142 and 3143. The Government contends that, given Adams's crime, this Court has no discretion to grant him a release pending completion of his appeal absent extraordinary circumstances not present in this case. Alternatively, assuming that the Court does have discretion to release Adams pending appeal, the Court must consider the danger Adams poses to the community and the risk that he might flee. These are the same factors the Court would consider in trying to decide whether to stay its judgment of conviction and

sentence during the appeal. The Ninth Circuit has held that a similar standard applies to a stay on appeal as to preliminary injunctions. *E.g., Lopez v. Heckler*, 713 F.2d 1432 (9th Cir. 1983).

Thus, the Court must consider the likelihood that Adams will succeed on appeal and balance the hardships between Adams and the Government with special attention to the factors set out in the statute. First, it appears that Adams has very little chance of succeeding on appeal. This may provide an incentive to flee. More significant, the balancing of the hardships tilts in the Government's favor. Adams presents a real risk to the community. Although young, he has a significant criminal history, as indicated by his placement in Criminal History Category V. It is troubling that he has a prior robbery conviction and convictions for assault. These crimes indicate that he is dangerous. Further, he has received a significant sentence largely compelled by the nature of his crime and his criminal history. On the other hand, the harm to Adams is minimal. If he were successful on the appellate issues he raises he would be retried and, based upon the record in this case, detained pending retrial. It is not likely that he would be successful on retrial even if the photo lineup were suppressed. In short, if this Court has no discretion, it must deny the request. If the Court has discretion, a balancing of the hardships in light of the likelihood that Adams will prevail on appeal points to a denial of the request as well.

**IT IS THEREFORE ORDERED:**

The motion at **Docket No. 92** for release pending appeal is **DENIED**.

Dated at Anchorage, Alaska, this 11th day of June 2007.

      /s/ James K. Singleton, Jr.
      **JAMES K. SINGLETON, JR.**
      United States District Judge

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CR\D.AK 2006\F06-0009.003.wpd