RECEIVED
SEP 17 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED
AUG 22 2007
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> CLEVELAND THOR ADAMS, <br><br> Defendant - Appellant. | No. 06-30519 <br><br> D.C. No. CR-06-00009-f-JKS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Alaska
James K. Singleton, Chief District Judge, Presiding

Argued and Submitted August 7, 2007
Anchorage, Alaska

Before: WALLACE, NOONAN, and PAEZ, Circuit Judges.

Adams appeals from the district court's judgment of conviction and sentence following jury trial. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

# I

Adams argues that the photographic array was impermissibly suggestive because his picture has a dark blue background, does not have the Alaska state seal in the background, and was placed first in the array. Adams also suggests that his skin tone is "markedly different" from the skin tone of the other African-American males in the array, and that the Roths selected him because they had read a newspaper article describing the suspect as a "light-skinned black man."

The pretrial identification procedures were not impermissibly suggestive. *See United States v. Montgomery*, 150 F.3d 983, 992 (9th Cir. 1998) (as amended) (reviewing the constitutionality of pretrial identification procedures de novo). Because Adams's skin tone is substantially similar to those of the other individuals in the array, there is no suggestion that the newspaper article led the Roths to identify him. The other "insubstantial differences between the defendant's photograph and the others do not in themselves create an impermissible suggestion that the defendant is the offender." *United States v. Burdeau*, 168 F.3d 352, 357-58 (9th Cir. 1999).

In addition, Adams fails to show that the Roths' in-court testimony was insufficiently reliable. In assessing reliability, we follow *Montgomery*, 150 F.3d at 993, *citing Neil v. Biggers*, 409 U.S. 188, 199-200 (1972).

Adams first points to the two-day lapse between the Laurene Street incident and the photographic identification. There is nothing particularly lengthy about this period of time. "The photographic identification took place only two days later. We do not have here the passage of weeks or months between the crime and the viewing of the photograph." *Manson v. Brathwaite*, 432 U.S. 98, 116 (1977); *see United States v. Barrett*, 703 F.2d 1076, 1085 (9th Cir. 1983) (as amended).

Adams also says that the Roths gave an inaccurate description of him prior to trial, missing his height by one inch and his weight by twenty pounds. This discrepancy is insubstantial and does not suggest that the Roths' testimony was unreliable.

Adams goes on to argue that the Roths demonstrated uncertainty when considering the photographic array. Not so. The Roths quickly selected Adams.

Adams also points to Detective Elzey's testimony indicating that he told Mr. Roth that he correctly picked Adams from the array. Because the statement occurred *after* the identification, it does not cast a shadow over the identification.

Finally, Adams contends that Ms. Roth's selection of his photograph from the array was tainted. The evidence does not bear this out. Detective Elzey testified that Mr. Roth made no attempt to influence his mother's selection. Both Mr. Roth and his mother confirmed this testimony. Adams did not offer

3

contradictory evidence. Adams thus fails to show that the Roths' in-court identification testimony was insufficiently reliable.

Adams says that we must account for a decision by the Wisconsin Supreme Court. *See State v. Dubose*, 285 Wis. 2d 143, 168, 699 N.W.2d 582, 594-95 (Wis. 2005). However, *Montgomery* decides the framework for considering Adams's claims.

## II

Count 2 of the indictment alleged a violation of 18 U.S.C. § 924(c)(1)(A), (c)(1)(A)(ii). In a plurality opinion, the Supreme Court stated that this section regards brandishing as a sentencing factor to be found by the judge by a preponderance of the evidence, not an offense element to be found by the jury. *See Harris v. United States*, 536 U.S. 545, 551, 556 (2002). We followed the *Harris* plurality in *United States v. Dare*, 425 F.3d 634, 635-36 (9th Cir. 2005).

The district court determined that Adams was subject to a mandatory minimum seven years imprisonment on count 2. Adams contends that the district court erred by failing to instruct the jury that the question of whether he brandished a firearm had to be found beyond a reasonable doubt. He says that he raises this issue only to reserve it should *Harris* be overruled. Neither *Dare* nor *Harris* has been overruled.

4

INTERNAL USE ONLY: Proceedings include all events.
06-30519 USA v. Adams

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff - Appellee | Bryan D. Schroder, Esq.<br>FAX 907/271-2907<br>907/271-5071<br>#9<br>[COR LD NTC aus]<br>USAK - OFFICE OF THE U.S. ATTORNEY<br>Federal Bldg. & U.S. Courthouse<br>222 W. Seventh Ave.<br>Anchorage, AK 99513-7567 |
| v. | |
| CLEVELAND THOR ADAMS<br>    Defendant - Appellant | G. Blair McCune, Esq.<br>FAX 907/644-9008<br>907/644-8568<br>Ste. 620<br>[COR LD NTC cja]<br>425 "G" St.<br>Anchorage, AK 99501 |