IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CLEVELAND THOR ADAMS,<br><br>　　　　Defendant. | Case No. 4:06-cr-00009-JKS-1<br><br>ORDER DIRECTING<br><u>SERVICE AND RESPONSE</u> |

　　　　On September 9, 2008, Cleveland Thor Adams, representing himself, filed a motion to set aside, vacate or correct sentence under 28 U.S.C. § 2255 alleging, *inter alia*, the violation of his right to the effective assistance of counsel.[1]

---

　　　　[1] *See* Docket No. 100, received by the Court on September 9, 2008; *see also Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's federal habeas petition is deemed filed when he hands it over to prison authorities for mailing to the district court); *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) ("the statute of limitations within which [petitioner] had to file her § 2255 motion began to run upon the expiration of the time during which she could have sought review by direct appeal"); Rule 13.1 of the Rules of the Supreme Court of the United States (ninety days from date of mandate to petition the United States Supreme Court for certiorari).

Under Rules 4, 5 and 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, **IT IS HEREBY ORDERED that:**

1. The Clerk of Court is directed serve a copy of the § 2255 motion, at docket number 100, and a copy of this Order, on the United States Attorney for the District of Alaska.

2. The Criminal Justice Act (CJA)[2] authorizes this Court to appoint an attorney for a *habeas* petitioner who cannot afford his own attorney. Mr. Adams must file any request for court-appointed counsel on or before **October 17, 2008,** on the enclosed Application for Appointment of Counsel and Financial Affidavit. In the alternative, on or before **October 17, 2008**, Mr. Adams will file a notice of intent to proceed without counsel, and to represent himself.[3]

3. The Clerk of Court is directed to send this Court's form USDCA 40, Application for Appointment of Counsel, a form CJA 23, Financial Affidavit, and a Notice of Intent to Proceed Without Counsel, to Mr. Adams with a copy of this Order.

4. The United States Attorney will file an answer or otherwise respond on or before **November 17, 2008**, unless Mr. Adams is appointed a lawyer.[4] The

---

[2] *See* 18 U.S.C. § 3006, *et. seq*.

[3] *See* D. Ak. HCR 4.1(a).

[4] If counsel is appointed, the Court will give counsel an opportunity to file an amended petition, and may set a new timetable.

answer will respond to the allegations of the motion, and in addition, state whether Mr. Adams has used any other available federal remedies, including any prior post-conviction motions under these rules, to address the issues presented.[5] The United States Attorney must also supplement the answer or response with appropriate copies of transcripts, affidavits and a memorandum of points and authorities material to the issues raised.

5. The Court may hold an evidentiary hearing on its own motion, or on the motion of a party. Either party may make a motion for an evidentiary hearing within 30 days after the date the United States Attorney files an answer. The motion must contain a clear and concise statement of the necessity of the hearing, including why the evidence in the record is not sufficient.[6]

6. Mr. Adams must serve a copy of all further papers s/he sends or delivers to the Court upon the United States Attorney. Mr. Adams will include, with any original paper to be filed with the Clerk of Court, a certificate stating the date that an exact copy of the document was mailed to the United States Attorney. A certificate of service may be written in the following form at the end of his document:

---

[5] *See* Rule 5, Rules Governing Section 2255 Proceedings.

[6] *See* D. Ak. HCR 8.1.

> I hereby certify that a copy of the above  (name of document)  was mailed, first class, U.S. Mail, to the United States Attorney, at 222 West 7th Ave., Mail Box 9, Room 253, Anchorage, Alaska 99513 on (date).
>
> _____<br>(Mr. Adams' Signature)

Any papers received by a United States District Judge or Magistrate Judge which have not been filed with the Clerk of Court, or which fail to include a certificate of service, will be disregarded by the Court. Mr. Adams should not write letters to the Court, but must file any requests for action by the Court during these proceedings in the form of a **motion**.

7. The Clerk of Court is directed to send a copy of the Court's prisoner's motion form, PS15, to Mr. Adams with this Order.

8. Mr. Adams must provide the Court with the original, plus one complete and legible copy, of every paper he submits for filing, as required by this Court's Local Rule 10.1(b).

9. At all times, Mr. Adams shall keep the Court informed of his current address, and if his address changes, he shall file a notice titled "NOTICE OF CHANGE OF ADDRESS," which shall contain **only** information about the change of address, and its effective date, not any requests for any other relief; failure to file the notice may result in the dismissal of this action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

10. No party may have any *ex parte* communication (that is, communication without the presence and/or knowledge and consent of the other parties) with

a United States District Judge or Magistrate Judge of this Court about the merits of this action.

11. The Clerk of Court is directed to send a copy of our *pro se* handbook, "Representing Yourself in Alaska's Federal Court," to Mr. Adams with this Order.

DATED this 17th day of September 2008.

/s/ JAMES K. SINGLETON, JR.  
United States District Judge