IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | Nos. 4:06-cr-00009-JKS |
| Plaintiff, | 4:20-cv-00006-JKS |
| vs. | ORDER |
| CLEVELAND THOR ADAMS, | [Re: Motion at Docket No. 218] |
| Defendant. | |

Defendant Cleveland Thor Adams, a federal prisoner proceeding *pro se*, filed a Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255. Docket No. 218. Adams argues that he has obtained newly-discovered evidence that establishes that his conviction in this Court was obtained in violation of his constitutional rights. *Id.*

## I. BACKGROUND

Following a trial by jury, Adams was convicted in this Court of Bank Robbery (18 U.S.C. §§ 2113(a) and (d)) and Possession of a Firearm in Furtherance of a Violent Crime (18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(A)(ii)). Docket No. 57. This Court sentenced Adams to an aggregate prison term of 189 months. Docket No. 66. Adams timely appealed his conviction and sentence to the Ninth Circuit Court of Appeals, Docket No. 69, which affirmed his conviction and sentence in an unpublished decision, Docket No. 97; *United States v. Adams,* 238 F. App'x 326 (9th Cir. 2007).

Adams then filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence in this Court, Docket No. 100, which was subsequently amended, Docket No. 135, in which he argued that trial counsel was ineffective for a variety of reasons and that the trial court

erred in failing to credit against the restitution he owes the amount of money recovered from the robbery vehicle. The Court denied Adams' motion and also denied a certificate of appealability. Docket No. 149. Adams appealed the denial of his motion, Docket No. 151, and the Court of Appeals denied Adams' request for a certificate of appealability, Docket No. 168.

On February 1, 2017, the Ninth Circuit granted Adams' application for leave to file a second or successive § 2255 motion, Docket No. 195, and transferred the motion to this Court, Docket No. 196. In that motion, Adams contended that he is entitled to relief in light of the U.S. Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551, 2554 (2015) ("*Johnson II*"), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B),[1] was void for vagueness.[2] According to Adams, the residual clause of § 924(c) is likewise unconstitutional under *Johnson II*, and his conviction and sentence for the § 924(c) violation offends due process because armed bank robbery only could qualify as a predicate "crime of violence" by resort to the invalid residual clause. This Court denied the motion and also declined to grant a certificate of appealability. Docket No. 213.

Adams now again moves to vacate his judgment of conviction on grounds that his conviction was obtained in violation of his constitutional rights.

---

[1] That section defines "violent felony" in the context of the ACCA and provides that such an act includes one that is "burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B) (emphasis added). The phrase in italics has become known as the residual clause. *Johnson II*, 135 S. Ct. 2555-56.

[2] The Supreme Court issued two *Johnson* decisions which are commonly referred to as *Johnson I* and *Johnson II*. *Johnson I* refers to *Johnson v. United States*, 559 U.S. 133 (2010), wherein the Court held that the term "physical force" contained in the ACCA definition of "violent felony" means "violent force—that is force, capable of causing physical pain or injury to another person." *Id.* at 140. Unlike its successor, *Johnson I* did not substantively address the ACCA's residual clause.

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." Habeas relief is available to correct errors of jurisdiction and constitutional error but a general "error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

"In determining whether a hearing and findings of fact and conclusions of law are required, '[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief can be granted.'" *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). This Court need not hold an evidentiary hearing if the record conclusively shows that the petitioner is either not entitled to relief or if, in light of the record, his claims are "palpably incredible or patently frivolous." *Id.* (citing *Schaflander*); *see United States v. Meija-Mesa*, 153 F.3d 925, 931 (9th Cir. 1998) (same). Indeed, mere conclusory statements or statements that are inherently incredible in a § 2255 motion are insufficient to require a hearing. *See United States v. Howard*, 381 F.3d 873, 879 (9th Cir. 2004); *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, when a court receives a § 2255 motion, the court must initially screen it, and dismiss it summarily if it plainly

appears that the moving party is not entitled to relief. *See United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986).

### III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") places restrictions on a prisoner's ability to file § 2255 motions. Specifically, AEDPA bars second or successive § 2255 petitions unless approved by a United States Court of Appeals. 28 U.S.C. § 2255(h); *United States v. Washington*, 653 F.3d 1057. 1059 (9th Cir. 2011) ( "A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)."). Section 2255(h) provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." Section 2244(b)(3)(A) provides that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application." "If the petitioner does not first obtain [the Ninth Circuit's] authorization, the district court lacks jurisdiction to consider the second or successive application." *Ezell v. United States*, 778 F.3d 762, 765 (9th Cir. 2015) (citation omitted).

Here, it is indisputable that Adams previously filed two motions under 28 U.S.C. § 2255, which were denied, and those denials are final. There is no indication that Adams has sought or obtained the requisite certificate from the Ninth Circuit authorizing him to file the instant § 2255 petition. Because he has failed to obtain authorization as required under § 2255(h), this Court lacks jurisdiction to consider the § 2255 motion and must therefore dismiss it. *See Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam); *Washington,* 653 F.3d at 1065.

**IT IS THEREFORE ORDERED THAT** the Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 at Docket No. 218 is **DISMISSED FOR LACK OF JURISDICTION**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

The Clerk of Court is respectfully directed to close the companion civil case, No. 4:20-cv-00006-JKS, and to enter final judgment.

Dated: February 5, 2020.

                                                                          /s/ James K. Singleton, Jr.
                                                              JAMES K. SINGLETON, JR.
                                                              Senior United States District Judge